*228 OPINION.
Artjndell :
The respondent’s determination of deficiencies was based on his conclusion that the trust income was reached by section 166 of the Kevenue Act of 1934, hence was taxable to the grantor. On brief his counsel does not attempt to support that view, and we think it is untenable. The cases of John Edward Rovensky, 37 B. T. A. 702; Meredith Wood, 37 B. T. A. 1065; affd., 104 Fed. (2d) 1013; and Daniel P. Woolley, 39 B. T. A. 802, are clear authority for the petitioner in his contention that section 166 is not applicable, and we so hold.
In the brief of counsel for the respondent the income of the 1928 trust is sought to be attributed to petitioner on the theory that the powers in the petitioner to direct investments and sales by the trustee are the equivalent of powers to revoke and to control the income of the trust. To support this view, we are cited to the cases of Benjamin F. Wollman, 31 B. T. A. 37; William C. Rands, 34 B. T. A. 1107, and others, where we found that alleged trusts were without substance. Clearly these cases are not in point. We shall not attempt a 'minute distinction, but point out only that in this case the grantor parted with physical possession of the trust corpus, that the corpus was actually conveyed to the trustee, a trust company, and that the trustee collected and distributed the income to the beneficiaries in accordance with its written agreement. The power of the petitioner to direct investments and sales of trust corpus was not a power to nullify a trust otherwise valid. Any exercise of such power to the detriment of the beneficiaries would be subject to restraint by a court of equity. A similar power in Henry A. B. Dunning, 36 B. T. A. 1222, was held not to require a disregard of the completed transfer to the trust and to tax the grantor on the trust income. We reach the same conclusion here.
Finally, the respondent contends that the 10 percent of the income of the 1935 trust that the trustee was required to retain and add to the corpus, is taxable under section 167, citing Mary Ryerson Frost, 38 B. T. A. 1402. Section 167, in so far as it may possibly relate to the facts here, taxes trust income to the grantor where such income “is * * held or accumulated for future distribution to the grantor.” The income so added to corpus could be distributed to petitioner in one of two ways. First, by termination of the trust with the consent of three-fifths of the beneficiaries; second, by the possibility that the petitioner’s wife and his children, without issue, would predecease him. Under the first possibility the income would not be reached by section 167 as the beneficiaries have substantial adverse interests. The second possibility is conceded by the respondent to be *229 remote, and we think it is too remote to be given serious consideration. At most it was a possibility of reverter and not a present accumulation “for future distribution to the grantor.” William E. Boeing, 37 B. T. A. 178.

Decision will Toe entered wider Rule 60.